UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
SHAUN PLAIR,

                Plaintiff,

         -against-

NEW YORK CITY DEPARTMENT OF
CORRECTION, *et al.*,

                Defendants.
----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-CV-248 (RRM) (LB)

ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff Shaun Plair, proceeding *pro se*, brings this civil rights action based on alleged injuries arising out of his transport from Collins Correctional Facility, where he is currently incarcerated, to New York City for a court hearing. Plair's application to proceed *in forma pauperis* ("IFP"), (Doc. No. 4), is granted and Plair shall pay the $350 filing fee in monthly installments. For the reasons set forth below, Plair's complaint is dismissed and he is granted 30 days' leave from the date of this Order to file an amended complaint.

## BACKGROUND

      The following facts are drawn from Plair's complaint and are assumed to be true for the purposes of this Order.

      Plair was transported from Collins Correctional Facility to New York City for a court appearance at a Bronx County courthouse on December 12, 2019. (Complaint ("Compl.") (Doc. No. 1) at 4.) Plair was restrained using handcuffs and shackles with mittens during transport and when he appeared before the judge. (*Id.*) Plair claims that this was an "unnecessary means of restraint" and that the restraints prevented him from eating, using the bathroom, and moving his body. (*Id.*) Plair states that he suffered bruises on his ankles, wrists, and back as a result of the

restraints. (*Id.*) He appears to allege that his injuries occurred at Rikers Island and that unidentified transport officers from the New York City Department of Correction and Sheriff's Deputies were responsible for his injuries. (*Id.*)

Plair names as defendants in this action unidentified officers in the New York City Department of Correction and New York City Sheriff's Office. (*Id.* at 2–3.) In his complaint, Plair checked a box to indicate he was bringing a *Bivens* action, and also mentions "human rights law" and 42 U.S.C. § 1985(3) in his statement of facts. (*Id.* at 1, 4.) Plair seeks $1.5 million in damages. (*Id.* at 5.)

## STANDARD OF REVIEW

The court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639.

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted). The Court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). Where a liberal reading of the complaint "gives any indication that a valid claim might be stated," the court must grant leave to amend at least once. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

## DISCUSSION

**I.    Applicable Law**

Plair brings this action against unidentified officers employed by the New York City Department of Correction and involved in Plair's transport from Collins Correctional Facility, as well as unidentified deputies from the New York City Sheriff's Office, who Plair alleges transported him to the Bronx County courthouse. (Compl. at 2–5.) Plair's complaint states that he is bringing a *Bivens* action; however, as the defendants named in the complaint are not federal agents, but rather state employees, the Court construes his complaint to be brought under 42 U.S.C. § 1983. As further discussed in Part III, *infra*, Plair may also have intended to bring claims under the New York City or New York State Human Rights Laws and 42 U.S.C. § 1985(3), but Plair does not clearly identify the human rights statute under which he intends to bring a claim and pleads no facts in support of a § 1985(3) civil rights conspiracy. Thus, even liberally construed, Plair only brings a claim pursuant to 42 U.S.C. § 1983 alleging that these officers, acting in their official capacity, violated Plair's rights under the Eighth Amendment to the Constitution by inflicting "cruel and unusual punishment" upon Plair. U.S. Const. Amend.

VIII.

The Eighth Amendment is the "primary source of substantive protection to convicted prisoners . . . where the deliberate use of force is challenged as excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327 (1986). The Eighth Amendment includes protection against the "unnecessary and wanton infliction of pain." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981).

In an excessive force claim brought under the Eighth Amendment, "the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian,* 503 U.S. 1, 6–7 (1992). To make out a § 1983 claim for excessive force, a prisoner must plead facts to establish that, subjectively, defendants acted with culpable wantonness. *See Toliver v. New York City Dep't of Corr.*, 202 F. Supp. 3d 328, 334 (S.D.N.Y. 2016). Wantonness turns on factors including "the extent of the injury and the mental state of the defendant, as well as 'the need for the application of force; the correlation between that need and the amount of force used; the threat reasonably perceived by the defendants; and any efforts made by the defendants to temper the severity of a forceful response.'" *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003) (quoting *Romano v. Howarth*, 998 F.2d 101, 105 (2d Cir. 1993)). A prisoner must also plead facts to establish that, objectively, the "harm done" was sufficiently serious based on the context in which the alleged acts occurred and "contemporary standards of decency." *Sims v. Artuz*, 230 F.3d 14, 21 (2d Cir. 2000); *see also Toliver*, 202 F. Supp. 3d at 334.

To establish an Eighth Amendment claim based on denial of food, prisoners generally must allege that "a sufficiently serious condition . . . resulted from the food not being received." *Evans v. Albany Cty. Corr. Facility*, No. 05-CV-1400 (GTS) (DEP), 2009 WL 1401645, at *9

4

(N.D.N.Y. May 14, 2009) (internal quotation marks omitted). Finally, in general, denial of access to a bathroom does not arise to an Eighth Amendment violation without facts alleging serious physical harm or risk of contamination. *See Smolen v. Wesley*, No. 16-CV-2417 (KMK), 2019 WL 4727311, at *11 (S.D.N.Y. Sept. 25, 2019) (dismissing Eighth Amendment claim based on denial of access to a bathroom during transport to an external medical facility and noting that "temporary deprivation of the right to use the toilet, in the absence of serious physical harm or a serious risk of contamination, does not rise to the level of an objective constitutional violation" (quoting *Mateo v. Alexander*, No. 10-CV-8427 (LAP) (DCF), 2012 WL 864805, at *5 (S.D.N.Y. Mar. 14, 2012)).

### II. Plair's § 1983 Claims

Plair does not plead sufficient facts to state a claim for excessive force based on the restraints used during his December 12, 2019, transport to court. Plair pleads no facts related to the "mental state" of defendants and provides almost no detail regarding the circumstances surrounding the use of restraints during his transport. *Scott*, 344 F.3d at 291. Plair thus pleads no facts even suggesting that the "the force was applied . . . maliciously and sadistically to cause harm" as opposed to "in a good-faith effort to maintain . . . discipline." *Hudson*, 503 U.S. at 6–7. Setting aside the question of whether the injuries Plair alleges are sufficiently serious to satisfy the objective injury requirement, *see Sims*, 230 F.3d at 21, Plair's failure to plead facts supporting the conclusion that defendants acted with "culpable wantonness" means his Eighth Amendment claims must be dismissed. *Toliver*, 202 F. Supp. 3d at 334.

To the extent they could form an independent basis for his § 1983 claim, Plair's other allegations regarding his treatment also fail to establish the existence of an Eighth Amendment claim. In the absence of an allegation that denying him use of a bathroom caused him serious

physical harm or seriously risked contamination, Plair likely cannot state an Eighth Amendment claim based on that conduct.  *See Smolen*, 2019 WL 4727311, at *11.  Similarly, Plair must allege that any denial of food resulted in a "sufficiently serious condition" to state a claim on that basis.  *Evans*, 2009 WL 1401645, at *9.  Plair makes no such allegation.  Accordingly, Plair's allegations that he was denied use of a bathroom and unable to eat during his transport are insufficient to support Eighth Amendment claims against defendants.

### III.     Leave to Amend

In light of Plair's *pro se* status, the Court grants Plair 30 days' leave to file an amended complaint.  *See Cuoco*, 222 F.3d at 112.  To state an excessive force claim under the Eighth Amendment, Plair should provide more details regarding when and how the restraints were used, the purported basis for their use, any injuries he sustained, any complaints he made to the transporting officers, and any responses he received based on those complaints.  Furthermore, in order to properly identify the defendants, plaintiff should provide any identifying information, such as physical descriptions and the agencies they work for, and describe what each defendant did or failed to do in violation of his civil rights.  Plair should also clarify in his amended complaint whether he intends to bring a claim under 42 U.S.C. § 1985(3) or under the New York City or New York State Human Rights Laws.  To the extent he intends to bring a civil rights conspiracy claim under § 1985(3), Plair must allege, among other things, the existence of a conspiracy.  And if Plair intends to bring a human rights law claim, he should specify whether he intends to bring the claim under the New York City or New York State Human Rights Law and the specific statute he contends defendants violated.

If Plair fails to file an amended complaint within 30 days of the date of this Order, or fails to address the deficiencies identified herein, judgment may enter against him.  Plair is

informed that an amended complaint will replace the prior complaint in this action and thus must stand on its own, without reference to the prior complaint. Therefore, Plair must include in the amended complaint all necessary information that was contained in the prior complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

For the reasons set forth above, Plair's complaint is dismissed pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B)(ii). Plair is granted 30 days' leave from the date of this Order to file an amended complaint. If Plair fails to file an amended complaint within 30 days of the date of this Order, or fails to address the deficiencies identified herein, judgment may enter against him. Plair's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted and Plair shall pay the $350 filing fee in monthly installments. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). No summonses shall issue at this time, and all further proceedings shall be stayed for 30 days. The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiff and to note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
     July 2, 2020

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge